

UNITED STATES DISTRICT COURT         RECEIVED
DISTRICT OF SOUTH CAROLINA   USDC CLERK. CHARLESTON, SC

2006 FEB -8  A 11: 31

| | |
|---|---|
| Abraham Hernandez, # 07894-424, | ) **C/A No. 9:06-0318-CMC-GCK** |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) |
| | ) |
| | ) **Report and Recommendation** |
| Martha Jordan, Warden of FCI-Talladega; | ) |
| D. B. Drew, Warden of FCI-Talladega; | ) |
| M.T. Bragg, Warden of FCI-Talladega; and | ) |
| Officer Fals, Correctional Officer at FCI-Talladega Special Housing Unit, | ) |
| | ) |
| | ) |
| Respondents. | ) |

# *Background of this Case*



The petitioner, who is a federal inmate at FCI-Williamsburg, has

submitted a petition for writ of habeas corpus under 28 U.S.C. § 2241.

In the § 2241 petition in the case at bar, the petitioner has brought suit

under 28 U.S.C. § 2241 against three Wardens and a correctional officer

at FCI-Talladega in Alabama. The above-captioned § 2241 action arises

out of an inmate attack upon the petitioner on May 30, 2004, at

FCI-Talladega's Recreation Yard. The exhibits appended to the petition

1

reveal that the petitioner has completed his administrative remedies in the Federal Bureau of Prisons.

# *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition pursuant to the procedural provisions of 28 U.S.C. § 1915, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and other habeas corpus statutes. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, 1989 U.S. LEXIS® 2231 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to

2

conduct an initial screening of a *pro se* filing);[1] Loe v. Armistead, 582

F.2d 1291 (4th Cir. 1978), *cert. denied*, Moffitt v. Loe, 446 U.S. 928

(1980); and Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert.*

*denied*, Leeke v. Gordon, 439 U.S. 970 (1978).  The petitioner is a *pro*

*se* litigant, and thus his pleadings are accorded liberal construction. *See*

Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and Cruz

v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro*

*se* complaint, petition, or pleading, the plaintiff's or petitioner's

allegations are assumed to be true. Fine v. City of New York, 529 F.2d

70, 74 (2nd Cir. 1975).  Even under this less stringent standard, the

§ 2241 petition — which raises civil rights claims of deliberate

indifference — is subject to summary dismissal.  The requirement of

liberal construction does not mean that the court can ignore a clear

failure in the pleading to allege facts which set forth a claim currently

---

[1]Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

cognizable in a federal district court.  Weller v. Department of Social Services, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

Deliberate indifference to an inmate's safety needs is actionable under 42 U.S.C. § 1983.  Farmer v. Brennan, 511 U.S. 825, 833 128 L.Ed.2d 811, 114 S. Ct. 1970, 1994 U.S.LEXIS® 4274, 1994 WESTLAW® 237595 (1994)(prison officials have duty to protect prisoners from violence "at the hands of other prisoners"), which was an action brought under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).  See also Rhodes v. Chapman, 452 U.S. 337, 347, 69 L.Ed.2d 59, 101 S.Ct. 2392 (1981)(suffering physical assaults in prison is not "part of the penalty that criminal offenders pay for their offenses against society"); and Benefield v. McDowall, 241 F.3d 1267, 2001 U.S.App. LEXIS® 3338 (10th Cir. 2001)(inmate does not have to wait until he or she is actually assaulted before obtaining relief), which cites Woodhous v. Virginia, 487 F.2d 889, 890 (4th Cir. 1973)("A prisoner has a right, secured by the eighth and fourteenth amendments, to be reasonably protected from constant threat



4

of violence and sexual assault by his fellow inmates, and he need not wait until he is actually assaulted to obtain relief.").[2]

In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, supra, 403 U.S. at 397, the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. "Bivens is the case establishing, as a general proposition, that victims of a constitutional violation perpetrated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits." Wright v. Park, 5 F.3d 586, 589 n. 4, 1993 U.S.App. LEXIS® 25129 (1st Cir. 1993), which cites, inter

---

[2]At the time Woodhous was decided, inmate attacks were evaluated under a negligence standard. Although the negligence standard for § 1983 actions was superannuated by later caselaw, Woodhous is still good law on the issue of a prisoner's right to be protected from attacks by other inmates. See Gilland v. Owens, 718 F. Supp. 665, 1989 U.S.Dist. LEXIS® 9750 (W.D.Tenn.1989):

> Woodhous applies a negligence standard to the conduct of officials in protecting inmates from assault or the threat of assault. While this aspect of Woodhous no longer correctly represents the law in this circuit, see McGhee v. Foltz, 852 F.2d 876, 881 (6th Cir.1988), its holding that an inmate has a right to be free from constant threat of violence is still an accurate statement of the law.

Gilland v. Owens, supra, 718 F. Supp. at 686 n.13.

*alia*, <u>Carlson v. Green</u>, 446 U.S. 14, 18 (1980)(restating <u>Bivens</u> rule). A

<u>Bivens</u> claim is analogous to a claim under 42 U.S.C. § 1983: federal

officials cannot be sued under 42 U.S.C. § 1983 because they do not act

under color of *state* law.  *See* <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 814-

820 & n. 30 (1982).  <u>Harlow</u>, which is often cited for the principle of the

qualified immunity of state officials for acts within the scope of their

employment, was brought against a federal official.  In footnote 30 of the

opinion in <u>Harlow</u>, the Supreme Court stated that <u>Harlow</u> was applicable

to state officials sued under 42 U.S.C. § 1983.  In other words, case law

involving § 1983 claims is applicable in <u>Bivens</u> actions and *vice versa*.

*See* <u>Farmer v. Brennan</u>, <u>supra</u>; <u>Bolin v. Story</u>, 225 F.3d 1234, 1241-

1242, 2000 U.S.App. LEXIS® 22501 (11th Cir. 2000); and <u>Campbell v.</u>



<u>Civil Air Patrol</u>, 131 F.Supp.2d 1303, 1310 n. 8, 2001 U.S.Dist. LEXIS®

2542 (M.D.Ala. 2001)(noting that, since courts have expanded the

<u>Bivens</u> remedy, usually used for a Fourth Amendment violation, to allow

direct action under First and Fifth Amendments, "the court shall refer

interchangeably to cases" decided under both § 1983 and <u>Bivens</u>).

The claims raised in this case, however, are not proper § 2241 grounds. Whether filed by a state prisoner or federal prisoner, a petition for writ of habeas corpus under 28 U.S.C. § 2241 has only been resorted to only in limited situations — such as actions challenging the administration of parole, <u>Doganiere v. United States</u>, 914 F.2d 165, 169-170, 1997 U.S.App. LEXIS® 15663 (9th Cir. 1990), *cert. denied*, 499 U.S. 940, 1991 U.S. LEXIS® 1772 (1991); computation of good time or jail time credits, <u>McClain v. United States Bureau of Prisons</u>, 9 F.3d 503, 504-505, 1993 U.S.App. LEXIS® 29079 (6th Cir. 1993); prison disciplinary actions, <u>United States v. Harris</u>, 12 F.3d 735, 736, 1994 U.S.App. LEXIS® 735 (7th Cir. 1994); imprisonment allegedly beyond the expiration of a sentence, <u>Atehortua v. Kindt</u>, 951 F.2d 126, 129-130, 1991 U.S.App. LEXIS® 29451 (7th Cir. 1991); or unsuccessful attempts to overturn federal convictions, <u>San-Miguel v. Dove</u>, 291 F.3d 257, 2002 U.S.App. LEXIS® 9581 (4th Cir.), *cert. denied*, <u>San-Miguel v. Dove</u>, 537 U.S. 938, 154 L.Ed.2d 242, 123 S.Ct. 46, 2002 U.S. LEXIS® 7311 (2002), and *cert. denied*, <u>Young v. Conley</u>, 537 U.S. 938, 123 S.Ct. 46, 2002 U.S. LEXIS® 7310 (2002).



The allegations raised by the petitioner in the above-captioned case are facially valid civil rights claims of deliberate indifference. *See* Helling v. McKinney, 509 U.S. 25, 125 L.Ed.2d 22, 113 S.Ct. 2475, 2480, 1993 U.S. LEXIS® 4210 (1993); and Farmer v. Brennan, supra. The civil rights claims in this § 2241 action can be raised in a properly-filed Bivens action. The Clerk of Court has been directed to send Bivens forms to the petitioner.

# *Recommendation*

Accordingly, it is recommended that the § 2241 petition be dismissed *without prejudice* and without requiring the respondents to file a return. *See* Allen v. Perini, 424 F.2d 134, 141 (6th Cir.)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return), *cert. denied*, 400 U.S. 906 (1970); Toney v. Gammon, 79 F.3d 693, 697, 1996 U.S.App. LEXIS® 5804 (8th Cir. 1996)("However, a petition may be summarily dismissed if the record clearly indicates that

8

the petitioner's claims are either barred from review or without merit.");

Baker v. Marshall, 1995 U.S.Dist. LEXIS® 4614, *2-*3, 1995

WESTLAW® 150451 (N.D.Cal., March 31, 1995)("The District Court

may enter an order for the summary dismissal of a habeas petition if it

plainly appears from the face of the petition and any exhibits annexed to

it that the petitioner is not entitled to relief in this Court."); and the Anti-

Terrorism and Effective Death Penalty Act of 1996.  The petitioner's

attention is directed to the important notice on the next page.

Respectfully submitted,

February _____, 2006
Charleston, South Carolina

George C. Kosko
United States Magistrate Judge

9

<u>Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"</u>
&

The **Serious Consequences** of a Failure to Do So

The petitioner is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, *supra*, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. *** This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only "I object" preserves no issue for review. *** A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 6 n. 1 (3rd Cir. 1984)(*per curiam*)("plaintiff's objections lacked the specificity necessary to trigger *de novo* review"). **This notice, hereby, apprises the petitioner of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, *supra*; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402